20-3084-cv
*Schafer. v. Direct Energy Services LLC.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-one.

PRESENT: JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
JOSEPH F. BIANCO,
*Circuit Judges.*

---

RICHARD SCHAFER,

   *Plaintiff-Appellant*,    20-3084-cv

JAMES BRIETFELLER, WILLIAM UNDERWOOD,

   *Plaintiffs*,

   v.

DIRECT ENERGY SERVICES, LLC,

   *Defendant-Appellee.*

---

1

CERTIFIED COPY ISSUED ON 04/27/2021

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | SCOTT A. KAMBER (Michael Aschenbrener, *on the brief*), KamberLaw, LLC, Denver CO. |
| **FOR DEFENDANT-APPELLEE:** | MICHAEL D. MATTHEWS, JR., (Diane S. Wizig, James M. Chambers, *on the brief*), McDowell Hetherington LLP, Houston & Arlington, Texas, |
| | Steven M. Lucks, *on the brief*, Fishkin Lucks LLP New York, NY. |

Appeal from the August 24, 2020 judgment of the United States District Court for the Western District of New York (Frank P. Geraci, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be, and hereby is, **VACATED** and **REMANDED**.[1]

Plaintiff-Appellant Richard Schafer brought this suit against Direct Energy Services LLC, an energy services company ("ESCO"), alleging violations of N.Y. Gen. Bus. Law § 349-d(7) in connection with his natural gas service. Section 349-d(7) requires that an ESCO "clearly and conspicuously" identify variable charges "[i]n every contract for energy services and in all marketing materials provided to prospective purchasers of such contracts[.]" Direct Energy filed a motion to dismiss Schafer's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which the District Court granted. Schafer appeals, principally contending that the District Court erred in dismissing his Section 349-d(7) claim by relying on documents and representations outside the pleadings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Dismissal of a complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted is not warranted if a plaintiff pleads "enough facts to state a claim to relief that

---

[1] Below Schafer also alleged an unjust enrichment claim, which the District Court dismissed on Direct Energy's motion. On appeal Schafer does not challenge the District Court's judgment as to the unjust enrichment claim.

2

is plausible on its face."[2] The task of the court in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."[3] We review *de novo* grants of a motion to dismiss pursuant to Rule 12(b)(6).[4]

On appeal Schafer principally argues that the District Court erroneously determined at the pleading stage that Direct Energy's contract did not violate Section 349-d(7) by relying on extrinsic materials. We agree. We have explained that "[w]hen presented with a 12(b)(6) motion, the district court may not consider matters outside of the pleadings[.]"[5] Where an extrinsic document is not incorporated by reference, the district court may nevertheless consider it if the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint.[6] But under Rule 12(d), when material outside the complaint is presented to and not excluded by" the district court, "the motion must be treated as one for summary judgment under Rule 56."[7]

In dismissing Schafer's Section 349-d(7) claim, the District Court held "as a matter of law" that Direct Energy satisfied the clear-and-conspicuous standard with respect to Schafer's natural gas service.[8] This was error, because to reach this conclusion, the District Court considered evidence outside of the First Amended Complaint. The District Court relied on documents that Direct Energy attached to its declarations in support of its motion to dismiss, which included a document setting forth terms and conditions similar to a terms-and-conditions document heavily relied upon by Schafer in his First Amended Complaint, but also included other communications Direct Energy purportedly sent to Schafer. Those communications purportedly sent by Direct Energy to Schafer—

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (internal quotation marks omitted). Further, "[a] court ruling on such a motion may not properly dismiss a complaint that states a plausible version of the events merely because the court finds a different version more plausible." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012); *see id.* at 187 (finding antitrust conspiracy claim plausible where complaint specifically alleged, inter alia, that several of the defendants met and communicated with each other in a short period of time immediately before conduct causing alleged harm).

[4] *See Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016).

[5] *Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 213 (2d Cir. 2003); *see Menaker v. Hofstra Univ.*, 935 F.3d 20, 28 n.7 (2d Cir. 2019); *see also Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998) (when deciding a Rule 12(b)(6) motion, a court may "consider documents attached to or incorporated by reference in the complaint"); Fed. R. Civ. P. 10(c).

[6] *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (internal quotation marks omitted).

[7] Fed. R. Civ. P. 12(d).

[8] *Schafer v. Direct Energy Servs., LLC*, 481 F.Supp.3d 141, 148 (W.D.N.Y. 2020). In granting the Rule 12(b)(6) motion, the District Court discussed "(1) what information about 'variable charges' must be identified in an energy services contract[] and (2) "how must that information be identified in order to be 'clear and conspicuous'" within the meaning of Section 349-d(7) —which it noted were "issues of statutory interpretation that the New York Court of Appeals has not addressed." *Id.* at 145–46.

3

which proved central to the District Court's conclusion that Direct Energy had complied with Section 349-d(7)—were not incorporated by reference or otherwise relied upon by Schafer in his First Amended Complaint.[9] Though Schafer alleged that Direct Energy sent him "enrollment notices, renewal notices, and Terms and Conditions"[10] in his first amended complaint, "[m]erely mentioning a document in the complaint will not satisfy" to deem a document integral to the complaint.[11]

If, given the arguments and the documents submitted by the parties, the District Court believed that the matter was ripe for summary judgment, then it should have converted Direct Energy's motion to dismiss into one for summary judgment under Rule 12(d).[12] Only then should the District Court have evaluated whether Direct Energy's purported communications sufficed to meet its statutory obligations under Section 349-d(7) as a matter of law and in light of the undisputed facts.

The safety valve of Rule 12(d), which permits conversion so long as the district court provides the parties "a reasonable opportunity to present all the material that is pertinent" to the specific issue that is before the court on the motion to dismiss, is designed for just such a situation.[13] And we have explained that "[t]his conversion requirement is strictly enforced whenever a district court considers extra-pleading material in ruling on a motion to dismiss."[14] Because the District

---

[9] *See, e.g.*, *Menaker*, 935 F.3d at 27 n.7 (explaining "a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion") (citation omitted and emphasis in original); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153–54 (2d Cir. 2002) (holding extrinsic materials were not "integral" to the complaint because the complaint "d[id] not refer to the[m]" and "plaintiffs apparently did not rely on them in drafting it").

Insofar as Direct Energy protests on appeal that "Schafer did not have the allegedly violative Contract Materials in his possession when he sued" and thus "[h]is allegations were instead based on 'information and belief,' and very little else," Direct Energy Br. 1, that argument undermines any suggestion that Schafer could have relied upon or incorporated by reference those materials in drafting his First Amended Complaint. Moreover, so long as Schafer has alleged sufficient facts to plausibly state a claim, his factual allegations are entitled to the presumption of truth at the pleading stage—and, if his claim survives a Rule 12(b)(6) motion, that is what discovery is for. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016) explaining that what "a plaintiff alleges in the complaint may turn out to be self-serving and untrue. But a court at this stage of our proceeding *is not engaged in an effort to determine the true facts*. [. . .] If the complaint is found to be sufficient to state a legal claim, the opposing party will then have ample opportunity to contest the truth of the plaintiff's allegations and to offer its own version" (emphasis added)).

[10] App'x at 15.

[11] *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

[12] *See Chambers*, 282 F.3d at 152–55.

[13] Fed. R. Civ. P. 12(d).

[14] *Chambers*, 282 F.3d at 154 (internal quotation marks omitted). As we have emphasized, "vigorous enforcement of the conversion requirement helps ensure that courts will refrain from engaging in fact-finding when considering a motion to dismiss, and also that plaintiffs are given a fair chance to contest defendants'

4

Court did not do so here, we vacate the judgment in favor of Direct Energy on Schafer's Section 349-d(7) claim, and remand for further proceedings consistent with this decision.

## CONCLUSION

The August 24, 2020 judgment of the District Court is **VACATED** and **REMANDED** for further proceedings consistent with this decision.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

evidentiary assertions where a court nonetheless does consider evidence extrinsic to the complaint in that context." *Courtenay Commc'ns Corp.*, 334 F.3d at 213 (citation omitted).

5