## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

RICHARD SCHAFER and WILLIAM UNDERWOOD,

        Plaintiffs,

  v.

DIRECT ENERGY SERVICES, LLC,

        Defendant.

Civil Action No.: 6:19-cv-6907 (FPG)

### DEFENDANT DIRECT ENERGY'S MEMORANDUM OF LAW IN SUPPORT OF ITS SUPPLEMENTAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Michael D. Matthews, Jr., Esq.*
Diane S. Wizig, Esq.*
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 337-5580
matt.matthews@mhllp.com
diane.wizig@mhllp.com

-and-

Steven M. Lucks, Esq.
FISHKIN LUCKS LLP
277 Broadway, Suite 408
New York, NY 10007
Telephone: (646) 755-9200
slucks@fishkinlucks.com

*admitted pro hac vice

ATTORNEYS FOR DEFENDANT DIRECT ENERGY SERVICES, LLC

# TABLE OF CONTENTS

I.   Introduction ................................................................................................................ 1

II.  Procedural and Factual Background ......................................................................... 2

   A.  Proceedings in this Court Before Appeal................................................................ 2

      1.  Mr. Schafer filed suit without alleging any facts about his Contract Materials. .......... 2

      2.  Direct Energy remedied Mr. Schafer's deficient pleading and moved to dismiss........ 3

      3.  The Court dismissed in full................................................................................. 4

   B.  Proceedings on Appeal ........................................................................................... 4

      1.  Mr. Underwood waived any challenge to the dismissal of his claim. ........................ 4

      2.  Mr. Schafer waived his challenge to the dismissal of his unjust enrichment claim. .... 5

      3.  The Second Circuit did not disturb this Court's conclusion that the Contract Materials comply with Section 349-d(7) as a matter of law. ....................................................... 5

   C.  Proceedings on Remand........................................................................................... 7

III. Standards of Review .................................................................................................. 7

   A.  Rules 12(d) and 56: Summary judgment is due if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. .......................... 7

   B.  Rule 12(b)(6): A complaint should be dismissed if it fails to plead enough non-conclusory facts to state a plausible claim for relief.......................................................... 8

IV.  Argument: The Court should again dismiss with prejudice......................................... 9

   A.  The Court should exercise its discretion under Rule 12(d) to treat Direct Energy's supplemental motion to dismiss as a motion for summary judgment............................... 9

      1.  Mr. Schafer's admissions and Direct Energy's evidence independently establish that no material facts are genuinely disputed................................................................. 10

         a.  Mr. Schafer's judicial admission that Direct Energy's exhibits are the Contract Materials referenced in his complaint removes the issue from controversy... 10

         b.  Mr. Schafer's admissions and other evidence in Forte prove that Direct Energy always sends Contract Materials in sets. ........................................... 12

         c.  Direct Energy's evidence independently proves that it sent Mr. Schafer's Contract Materials attached to its motion in two sets. ................................... 15

      2.  It is law of the case that Mr. Schafer's Contract Materials comply with Section 349-d(7) as a matter of law. ............................................................................................. 17

   B.  Mr. Schafer's conclusory allegations fail to state a plausible claim for relief................. 18

      1.  Mr. Schafer's legal conclusions do not plausibly suggest a statutory violation. ........ 19

2. Mr. Schafer fails to allege causation. .................................................................. 20

IV. Conclusion ................................................................................................................. 21

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................... 8, 9, 19

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................................... 8

*Burger v. Spark Energy Gas, LLC*,
   No. 19 C 8231, 2020 WL 7353407 (N.D. Ill. Dec. 15, 2020) ............................................ 21

*County of Suffolk v. Stone & Webster Eng'g Corp.*,
   106 F.3d 1112 (2d Cir. 1997) ........................................................................................ 5

*Crissen v. Gupta*,
   994 F. Supp. 2d 937 (S.D. Ind. 2014) ............................................................................ 9

*D'Amico v. City of N.Y.*,
   132 F.3d 145 (2d Cir. 1998) ......................................................................................... 8

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013) .................................................................................... 19, 20

*Fogel v. Chestnutt*,
   668 F.2d 100 (2d Cir. 1981) ......................................................................................... 5

*Fresh Air for Eastside, Inc. v. Waste Mgmt. of New York, L.L.C.*,
   No. 18-CV-6588-FPG, 2020 WL 6291483 (W.D.N.Y. Oct. 27, 2020) .......................... 17, 18

*Glob. Network Commc'ns, Inc. v. City of New York (Global Network I)*,
   458 F.3d 150 (2d Cir. 2006) ......................................................................................... 9

*Glob. Network Commc'ns, Inc. v. City of New York (Global Network III)*,
   562 F.3d 145 (2d Cir. 2009) ......................................................................................... 9

*Glob. Network Commc'ns, Inc. v. City of New York (Global Nework II)*,
   507 F. Supp. 2d 365 (S.D.N.Y. 2007) ............................................................................. 9

*Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*,
   8 F. Supp. 3d 467 (S.D.N.Y. 2014) ............................................................................... 21

*Guadagno v. Wallack Ader Levithan Assocs.*,
   950 F. Supp. 1258 (S.D.N.Y. 1997) .............................................................................. 12

*Hausler v. JP Morgan Chase Bank, N.A.*,
   127 F. Supp. 3d 17 (S.D.N.Y. 2015) ........................................................................ 11, 12

*Hoodho v. Holder*,
   558 F.3d 184 (2d Cir. 2009) ....................................................................................... 11

*Johnson v. Holder*,
    564 F.3d 95 (2d Cir. 2009) ........................................................................... 18

*Kopec v. Coughlin (Kopec I)*,
    922 F.2d 152 (2d Cir. 1991) ........................................................................... 9

*Kopec v. Coughlin (Kopec II)*,
    767 F. Supp. 467 (S.D.N.Y. 1991) .................................................................. 9

*Kopec v. Coughlin (Kopec III)*,
    952 F.2d 394 (2d Cir. 1991) ........................................................................... 9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ....................................................................................... 8

*Purgess v. Sharrock*,
    33 F.3d 134 (2d Cir. 1994) ........................................................................... 11

*Quarles v. General Motors Corp.*,
    758 F.2d 839 (2d Cir.1985) ............................................................................ 8

*United States v. Ben Zvi*,
    242 F.3d 89 (2d Cir. 2001) ............................................................................. 5

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
    956 F.2d 1245 (2d Cir. 1992) ....................................................................... 18

## Statutes

N.Y. GEN. BUS. §349-d(7) .......................................................................... passim

N.Y. GEN. BUS. LAW § 349-d(10) ..................................................... 18, 19, 20

## Other Authorities

2 McCormick on Evid. § 254 (6th ed. 2006) ............................................... 11

## Rules

FED. R. CIV. P. 12(b)(6) ................................................................. 2, 8, 18

FED. R. CIV. P. 12(d) ................................................................. 4, 7, 9, 17

FED. R. CIV. P. 56 ................................................................................. 7

FED. R. CIV. P. 56(a) ............................................................................ 8

FED. R. CIV. P. 56(c)(1)(A) ................................................................... 8

FED. R. CIV. P. 56(d) ........................................................................ 7, 8

## I.    INTRODUCTION

When Mr. Schafer appealed this Court's dismissal of his Section 349-d(7) claim, he chose not to focus on the Court's substantive conclusion about the legal sufficiency of Direct Energy's variable-rate disclosures. Instead, his principal argument centered on a footnote in the order that cited a declaration authenticating the two sets of Contract Materials Direct Energy submitted as exhibits. Mr. Schafer's dismissal response admitted Direct Energy's exhibits are the Contract Materials sent to him as referenced in his complaint. But on appeal, he argued the Court erred by making a factual finding that the Contract Materials were sent as sets. The Second Circuit agreed with Mr. Schafer, but also took his argument a step further to hold that this Court should not have looked at Direct Energy's exhibits without converting the motion to dismiss into one for summary judgment. For that reason alone, and without expressing any opinion on the merits, the Second Circuit vacated the judgment against Mr. Schafer so that this Court could either "convert[ ] Direct Energy's motion to dismiss into one for summary judgment under Rule 12(d)" or exclude Direct Energy's exhibits and determine whether "Schafer has alleged sufficient facts to plausibly state a claim." ECF No. 27 at 4, 4 n.9. The Court should now take the conversion route and treat Direct Energy's pending motion—including this supplemental motion—as one for summary judgment. But whichever approach the Court takes, Mr. Schafer's claim fails as a matter of law.

If the Court converts the motion, it can look at Mr. Schafer's Contract Materials and reach the same conclusion it did before: the Contract Materials complied with Section 349-d(7) as a matter of law. The Court already decided that each set of Contract Materials contains a clear and conspicuous variable-rate disclosure, and Mr. Schafer has made a binding admission as to their authenticity. So, the only relevant fact to confirm now is that they were sent in two sets. The Court can resolve that issue and reach the same conclusion based on the face of the documents themselves

and based on Mr. Wood's declaration authenticating the Contract Materials in two sets—just as it did before. However, that is not Direct Energy's lead argument. Instead, Direct Energy's principal position is that Mr. Schafer's own admissions and evidence warrant summary judgment. The materials Direct Energy attaches to this supplemental motion prove Mr. Schafer made material admissions in his other Section 349-d(7) case against Direct Energy (the *Forte* case) that remove any genuine dispute that the Contract Materials were sent in sets. And while Mr. Schafer is sure to argue that Direct Energy is asking the Court to deprive him of the chance to conduct discovery and test evidence solely within Direct Energy's possession, that simply is not true. He has had that chance. This is the extraordinary case where discovery is uncessary due to Mr. Shafer's own admissions and evidence—admissions and evidence that he and his *Forte* co-plaintiffs had the opportunity to gather and test in two-plus years of discovery. Because those admissions and evidence independently eliminate any fact issue as to whether the Contract Materials were sent to Mr. Schafer in sets, there are no factual disputes that could require discovery or preclude summary judgment. Coupled with the Court's law-of-the-case decision that each set of Contract Materials contained a clear and conspicuous variable-rate disclosure, summary judgment is appropriate.

Alternatively, even if the Court excludes the Contract Materials and confines its inquiry to the complaint, dismissal is still due. Mr. Schafer's failure to allege any non-conclusory facts about the form or substance of his Contract Materials is fatal under Rule 12(b)(6)'s plausibility standard. Mr. Schafer's claim fails as a matter of law no matter the procedural route the Court chooses.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. Proceedings in this Court Before Appeal

#### *1. Mr. Schafer filed suit without alleging any facts about his Contract Materials.*

Mr. Schafer's operative complaint alleges "[o]n information and belief," that Direct Energy sent him the following documents (the "Contract Materials") in connection with his Direct Energy

natural gas supply service: "enrollment notices, renewal notices, and Terms and Conditions." ECF No. 4 at ¶ 44. Mr. Schafer did not attach those documents to his complaint, and his description of their contents and form is limited to a single paragraph of legal conclusions:

> 45. On information and belief, the enrollment notices, renewal notices, and Terms and Conditions that [Direct Energy] sent to Schafer for his natural gas supply service did not clearly and conspicuously disclose that he would be charged a variable rate per [therm] for his gas supply service.

ECF No. 4 at ¶ 45.

Elsewhere in his complaint, Mr. Schafer includes an excerpt from a set of Terms and Conditions his lawyers downloaded from the internet right before they filed suit. *See* ECF No. 4 at ¶¶ 37, 38, 8 n.7. Mr. Schafer does not, however, allege that excerpt is a fair representation of the Contract Materials that were sent to him—because he cannot. To the contrary, the excerpt itself shows it does not amount to a complete contract, stating that: "[t]hese Terms and Conditions **together with the Customer Disclosure Statement** . . . constitute the agreement ("Agreement") between you and Direct Energy" but the complaint fails to reproduce or describe a "Customer Disclosure Statement." ECF No. 4 ¶ 38 (emphasis added).

### 2. *Direct Energy remedied Mr. Schafer's deficient pleading and moved to dismiss.*

Direct Energy moved to dismiss all claims asserted by Mr. Schafer and his former co-plaintiff. *See* ECF No. 14. With respect to Mr. Schafer's claim under Section 349-d(7), Direct Energy argued first that Mr. Schafer's factual allegations "fall well below the applicable pleading standard because they do not describe the form or contents of [Mr. Schafer's Contract Materials] in any level of detail." *See* ECF No. 14-1 at 15. However, operating under the assumption that the Court could look at Mr. Schafer's Contract Materials in ruling on a motion to dismiss because

"they are 'integral' to Mr. Schafer's claims,"[1] ECF No. 14-1 at 4 n.4, Direct Energy attached those documents to its motion to show that they comply with Section 349-d(7) as a matter of law, *see id.* at 15–21. Additionally, Direct Energy argued without reference to any extrinsic documents that Mr. Schafer failed to plausibly allege causation. *See id.* at 21.

Mr. Schafer, of course, disagreed with Direct Energy's arguments for dismissal. But he specifically noted that he had "no objection to Direct Energy characterizing" its exhibits "as 'integral' to his claims," and he expressly declined to "argue that those records may not be considered on a motion to dismiss." ECF No. 16 at 4 n.2, 7 n.4.

### 3.  *The Court dismissed in full.*

The Court granted Direct Energy's motion, dismissing Mr. Schafer's claims with prejudice for failure to state a claim, and Mr. Underwood's claim for lack of venue. *See* ECF No. 18 at 15. With respect to Mr. Schafer's Section 349-d(7) claim, the Court concluded that claim failed as a matter of law because "neither set of [Contract Materials attached to Direct Energy's motion] runs afoul of § 349-d(7)'s requirement that all variable charges be clearly and conspicuously identified." *See* ECF No. 18 at 12. Because that conclusion was dispositive, the Court did not address Direct Energy's alternative arguments for dismissal.

## B.  Proceedings on Appeal

### 1.  *Mr. Underwood waived any challenge to the dismissal of his claim.*

Although Mr. Schafer filed a notice of appeal from this Court's judgment, his co-plaintiff Mr. Underwood did not. That decision put a conclusive end to Mr. Underwood's involvement in this case because the Second Circuit's mandate rule prohibits him from reopening an issue that

---

[1] This assumption was reasonable because the point was undisputed—both parties expressly agreed the Contract Materials were integral to Mr. Schafer's claims. However, the Second Circuit gets the final word in such matters, so the Court can only consider those documents if it converts this motion pursuant to Rule 12(d). The Court can and should do just that.

could have been appealed but was not. *See United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) ("[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand."); *County of Suffolk v. Stone & Webster Eng'g Corp.*, 106 F.3d 1112, 1117 (2d Cir. 1997) (a decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case); *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981) ("It would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost."). So, even if Mr. Underwood purports to remain in the case, the mandate rule bars his participation.[2]

**2.    *Mr. Schafer waived his challenge to the dismissal of his unjust enrichment claim.***

Although Mr. Schafer appealed this Court's judgment of dismissal with prejudice, the Second Circuit noted that he did "not challenge" the dismissal of his unjust enrichment claim. *See* ECF No. 27 at 2 n.1 ("Below Schafer also alleged an unjust enrichment claim, which the District Court dismissed on Direct Energy's motion. On appeal Schafer does not challenge the District Court's judgment as to the unjust enrichment claim."). Thus, just like Mr. Underwood's claim, that issue may not be reopened. *See Ben Zvi*, 242 F.3d at 95 (2d Cir.2001); *Stone & Webster Eng'g*, 106 F.3d at 1117; *Fogel*, 668 F.2d at 109.[3]

**3.    *The Second Circuit did not disturb this Court's conclusion that the Contract Materials comply with Section 349-d(7) as a matter of law.***

On appeal, Mr. Schafer's main argument was that this Court erred "by relying on documents and representations outside the pleadings" in ruling on Direct Energy's motion to

---

[2] Should the Court disagree and allow Mr. Underwood to re-urge his claim, Direct Energy seeks dismissal for all the reasons in its pending motion to dismiss. *See* ECF Nos. 14-1, 17.

[3] Should the Court disagree and allow Mr. Schafer to re-urge his unjust enrichment claim, Direct Energy seeks dismissal for the reasons in its pending motion to dismiss, *see* ECF Nos. 14-1, 17, and as set forth by the Court in its prior order, *see* ECF No. 18.

dismiss. *See* ECF No. 27 at 2 ("Schafer appeals, principally contending that the District Court erred in dismissing his Section 349-d(7) claim by relying on documents and representations outside the pleadings."). The Second Circuit agreed, holding that this Court should not have "relied on documents that Direct Energy attached to its declarations" without "convert[ing] Direct Energy's motion to dismiss into one for summary judgment under Rule 12(d)." *Id.* at 3, 4. On that procedural basis alone, the Second Circuit vacated the judgment dismissing Mr. Schafer's claim under Section 349-d(7) and remanded for further proceedings. *See id.* at 5.

In taking that approach, the Second Circuit avoided any discussion of the sufficiency of Mr. Schafer's claims. Its discussion of the allegations in Mr. Schafer's complaint, for example, steered clear of suggesting that Mr. Schafer's complaint states a claim for relief:

> Moreover, so long as Schafer has alleged sufficient facts to plausibly state a claim, his factual allegations are entitled to the presumption of truth at the pleading stage—and, **if his claim survives** a Rule 12(b)(6) motion, that is what discovery is for.

*Id.* at 4 n.9 (emphasis added). Likewise, the Second Circuit did not suggest that Mr. Schafer's claims can survive if the Court converts Direct Energy's motion and considers the Contract Materials. Rather, that was left for this Court to decide in the first instance:

> If, given the arguments and the documents submitted by the parties, the District Court believed that the matter was ripe for summary judgment, then it should have converted Direct Energy's motion to dismiss into one for summary judgment under Rule 12(d). Only then should the District Court have evaluated whether Direct Energy's purported communications sufficed to meet its statutory obligations under Section 349-d(7) as a matter of law and in light of the undisputed facts.

*Id.* at 4 (footnote omitted).

Thus, the Second Circuit carefully chose not to disturb this Court's holding that the Contract Materials attached to Direct Energy's motion comply with Section 349-d(7) as a matter of law. *See* ECF No. 18 at 8 ("[A]s a matter of law, Direct Energy's disclosures pass muster under

§ 349-d(7).")). Nor did the Second Circuit cast any doubt upon this Court's conclusion that the declaration and exhibits attached to Direct Energy's motion establish that "Schafer received two sets of contract materials during his relationship with Direct Energy." *See* ECF No. 18 at 8, 8 n.2 (citing Direct Energy's supporting declaration and exhibits as support for this conclusion). Rather, the Second Circuit held only that it was error for the Court to look at the declaration and exhibits without converting the motion under Rule 12(d).

**C.     Proceedings on Remand**

On May 18, 2021, the Second Circuit issued its mandate, restoring this Court's jurisdiction. *See* ECF No. 27. The parties filed letters with the Court, noting their agreement that the vacatur of the Court's judgment leaves "two possible paths forward": the Court can either (1) "decide [Direct Energy's] motion to dismiss without considering" Direct Energy's exhibits," or (2) "convert [Direct Energy's] motion to one for summary judgment under Rule 12(d)." ECF No. 26 at 1 (letter from Mr. Schafer's counsel); *see also* ECF No. 25 at 2.

In response, the Court ordered the parties to "confer concerning what, if any, discovery is necessary to resolve any disputed issues of fact." ECF No. 28 at 2. Following that conference, Direct Energy "continues to take the position that Schafer's claim can be resolved without discovery." *Id.* Accordingly, Direct Energy files this supplemental motion under Rules 12(d) and 56 as permitted by the Court's order. *Id.*

### III.   STANDARDS OF REVIEW

**A.     Rules 12(d) and 56: Summary judgment is due if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.**

Under Rule 12(d), a district court faced with a motion to dismiss that presents "matters outside the pleadings" has discretion to treat the motion "as one for summary judgment under Rule 56." *See* Fed. R. Civ. P. 56(d). If a court exercises that discretion, the motion is governed by Rule

56(a), which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To show that "a fact cannot be . . . genuinely disputed," the movant may offer "depositions, documents, . . . affidavits or declarations, . . . admissions, . . . , or other materials." Fed. R. Civ. P. 56(c)(1)(A). When a movant establishes the absence of a fact issue, a nonmovant cannot defeat summary judgment by showing "that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmovant "must offer some hard evidence showing that its version of the events is not wholly fanciful." *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998). It must also "be remembered that the mere existence of factual issues—where those issues are not material to the claims before the court—will not suffice to defeat a motion for summary judgment." *Quarles v. General Motors Corp.*, 758 F.2d 839, 840 (2d Cir.1985). If a nonmovant claims it cannot oppose summary judgment without discovery, it must comply with the procedure outlined in Rule 56(d).

**B.     Rule 12(b)(6): A complaint should be dismissed if it fails to plead enough non-conclusory facts to state a plausible claim for relief.**

If the Court declines to convert Direct Energy's motion, it must exclude Direct Energy's exhibits, and decide whether Mr. Schafer's complaint is still subject to dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While factual allegations are assumed to be true, that assumption

of truth is "inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions . . . are not entitled to the assumption of truth." *Id.* at 678–79.

Because no class has been certified, the court should "look[ ] only to . . . [Mr. Schafer's] individual claims and the circumstances he alleges relating to [his individual situation] . . . and not to allegations surrounding the . . . [situations of other] putative class members." *Crissen v. Gupta*, 994 F. Supp. 2d 937, 945–46 (S.D. Ind. 2014) (collecting cases).

## IV.   ARGUMENT: THE COURT SHOULD AGAIN DISMISS WITH PREJUDICE.

**A.    The Court should exercise its discretion under Rule 12(d) to treat Direct Energy's supplemental motion to dismiss as a motion for summary judgment.**

Again, the Second Circuit did not disturb the Court's conclusion that Mr. Schafer's claim should be dismissed with prejudice. Rather, it merely criticized the procedural route the Court took to that destination. Faced with identical orders from the Second Circuit, other district courts have remedied perceived procedural errors in dismissal orders by converting the previously granted motion into one for summary judgment under Rule 12(d) and then granting that motion.[4] The Second Circuit has endorsed that approach by affirming those orders on converted motions.[5]

This Court should do the same here because (1) there is no genuine factual dispute about

---

[4] *See, e.g., Kopec v. Coughlin (Kopec I)*, 922 F.2d 152, 155 (2d Cir. 1991) (vacating a dismissal order that because the "appellees' motion initially should have been considered as one pursuant to Rule 56"); *Kopec v. Coughlin (Kopec II)*, 767 F. Supp. 467, 467 (S.D.N.Y. 1991) (giving the parties an opportunity to present evidence and take expedited discovery on a narrow issue, and then entering the same judgment "for the reasons set forth" in its vacated order); *see also, e.g., Glob. Network Commc'ns, Inc. v. City of New York (Global Network I)*, 458 F.3d 150, 158 (2d Cir. 2006) (vacating a dismissal that violated the Rule 12(b)(6) conversion requirement and "remanding on procedural grounds"); *Glob. Network Commc'ns, Inc. v. City of New York (Global Nework II)*, 507 F. Supp. 2d 365, 377 (S.D.N.Y. 2007) (order granting summary judgment on a converted motion to dismiss).

[5] *See, e.g., Glob. Network Commc'ns, Inc. v. City of New York (Global Network III)*, 562 F.3d 145, 154 (2d Cir. 2009) (affirming *Global Network II)*; *Kopec v. Coughlin (Kopec III)*, 952 F.2d 394 (2d Cir. 1991) (affirming *Kopec II)*.

the Contract Materials sent to Mr. Schafer, and (2) Direct Energy's entitlement to judgment as a matter of law based on those documents is settled law of the case.

### 1. Mr. Schafer's admissions and Direct Energy's evidence independently establish that no material facts are genuinely disputed.

The Court already decided that each set of Contract Materials attached to Direct Energy's motion contains a variable-rate disclosure that satisifies Section 349-d(7) as a matter of law. *See* ECF No. 18 at 8 (concluding, "as a matter of law," that those Contract Materials "pass muster under § 349-d(7)"); *see also supra* Part II.A.3; *infra* Part IV.A.2. So, the only issue to resolve on remand is whether those exhibits are authentic copies of Contract Materials sent to Mr. Schafer in sets. *See* ECF No. 4 at ¶ 44. The answer to that question is a clear 'yes' because: (a) Mr. Schafer judicially admitted that Direct Energy's two exhibits are the Contract Materials referenced in his complaint; (b) Mr. Schafer's admissions and other evidence in the *Forte* case establish there is no dispute that Direct Energy sent the Contract Materials as sets; and (c) Direct Energy's evidence authenticating the Contract Materials independently shows they were sent to Mr. Schafer as sets.

#### a. Mr. Schafer's judicial admission that Direct Energy's exhibits are the Contract Materials referenced in his complaint removes the issue from controversy.

The first step in the Court's summary judgment analysis must be to identify the Contract Materials at issue. Fortunately, this point is entirely undisputed. Direct Energy's original motion to dismiss attached the Contract Materials sent to Mr. Schafer as two exhibits. *See* ECF Nos. 14-13, 14-14. In response to Direct Energy's motion, Mr. Schafer's statement of facts cited those two exhibits as the "correspondence" that "Direct Energy sent Mr. Schafer." *See* ECF No. 16 at 3–4:

On or around November 30, 2015, **Direct Energy sent** Mr. Schafer the following correspondence: . . . *See* **ECF no. 14-13**[6]. On or around October 17, 2016, **Direct Energy sent** Mr. Schafer the following additional correspondence: . . . . *See* **ECF no 14-14**.[7]

ECF No. 16 at 3–4 (emphasis added). Later in his response, Mr. Schafer specifically admitted that the Contract Materials attached as exhibits to Direct Energy's original motion were, in fact, the Contract Materials he "referenced in the [First Amended Complaint]." *Id.* at 7 n.4 ("The Contract Materials attached to the Wood Declaration were referenced in the FAC . . . .").

Mr. Schafer's unequivocal statements of fact are not mere evidence that those exhibits are the documents Direct Energy sent to Mr. Schafer—they are "**binding** judicial admissions." *See Purgess v. Sharrock*, 33 F.3d 134, 143–44 (2d Cir. 1994) (emphasis added); *see also id.* ("A court can appropriately treat statements in briefs as binding judicial admissions of fact."). In light of these admissions, there is no "need for debate, discussion or discovery" about the documents that Direct Energy sent to Mr. Schafer. *Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 37 (S.D.N.Y. 2015). Rather, Mr. Schafer's judicial admissions have "the effect of withdrawing a fact from issue and dispensing wholly with the need for proof" that the exhibits attached to the Wood Declaration are, in fact, the documents that Direct Energy sent to Mr. Schafer. *Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009) (quoting 2 McCormick on Evid. § 254 (6th ed. 2006)). Having judicially admitted that fact, Mr. Schafer "is bound by that admission throughout the course of the proceeding," *Hausler*, 127 F. Supp. 3d at 37 (cleaned up); *Hoodho*, 558 F.3d at 191 (2d Cir. 2009) ("Facts admitted by a party 'are judicial admissions that bind that party throughout the litigation.'"), and that admission "may not be controverted" by Mr. Schafer at this point,

---

[6] Welcome Contract Materials attached to Direct Energy's original motion as Exhibit 1 to the declaration of Daniel Wood.

[7] The Renewal Contract Materials attached to Direct Energy's original motion as Exhibit 2 to the declaration of Daniel Wood.

*Guadagno v. Wallack Ader Levithan Assocs.*, 950 F. Supp. 1258, 1261 (S.D.N.Y. 1997). Accordingly, there can be no dispute that the two sets of Contract Materials attached to Direct Energy's motion are, in fact, the Contract Materials that were sent to Mr. Schafer and referenced in his complaint. *See* ECF Nos. 14-13, 14-14; *see also* Exs. A-1, A-2 (the same documents submitted as exhibits to Direct Energy's supplemental motion for the Court's convenience).

                b.  *Mr. Schafer's admissions and other evidence in* Forte *prove that Direct Energy always sends Contract Materials in sets.*

With the authenticity of Direct Energy's exhibits removed from controversy, the next step in the Court's analysis must be to determine whether there is any genuine dispute as to whether the Contract Materials were sent to Mr. Schafer in 'sets' as the Court previously determined. ECF No. 18 at 9. On this question, neither the Court nor Mr. Schafer have to take Direct Energy at its word to know the answer is yes. Rather, Mr. Schafer's evidence and admissions from the *Forte* case—including his attorney's sworn declaration—provide undisputed evidence[8] that Direct Energy's Contract Materials are sent in sets.

The first relevant evidence in *Forte* comes from Mr. Schafer's own admissions about the documents he received. In support of its motion for summary judgment in *Forte*, Direct Energy attached a copy of Mr. Schafer's electricity Renewal Notice and attached Terms as evidence that "Direct Energy sent [Mr. Schafer] a Renewal Notice dated December 15, 2016." Ex. B-8 at ¶ 50; Ex. B-7. Mr. Schafer admitted that fact without qualification. *See* Ex. B-8 at ¶ 50 ("Admit").

---

[8] While it is not settled whether Mr. Schafer's admission from another case conclusively withdraws the admitted fact from controversy, it is well settled that the Court may consider such admissions "as evidence" here. *Hausler*, 127 F. Supp. 3d 17, 37 (S.D.N.Y. 2015) ("[W]hile research discloses no Second Circuit authority on point, the general rule seems to be that a judicial admission only binds the party that makes it in the action in which it is made . . . . Nevertheless, a court may still consider a judicial admission as evidence in another case." (cleaned up)).

Mr. Schafer also admitted that Direct Energy sent Welcome Contract Materials to all three of his co-plaintiffs in sets that consisted of "a Welcome Letter with enclosures" that "contained" the applicable "Terms and Disclosure Statement." *See* Ex. B-8 at ¶¶ 19, 20 (admission regarding the Welcome Materials sent to Mr. Forte); *id.* at ¶¶ 39–40 (same for Mr. Aurelia); *id.* at ¶¶ 59–60 (same for Mr. Baglione); B-6. Indeed, there can be no genuine dispute that Direct Energy sent the Welcome Letter enclosing the Terms and Disclosure Statement—just like the letter says. Mr. Schafer's own summary judgment evidence in *Forte* included a copy of Welcome Contract Materials that Mr. Baglione (one of Mr. Schafer's co-plaintiffs) produced at his deposition, which were still in sets in their original envelopes at the time of production:





Ex. B-9 (Welcome Contract Materials produced by Mr. Baglione from his personal records, including their original envelopes); *see also* Ex. B-10 at 18:17–19:13, 43:18–47:4, 102:1–7 (Mr. Baglione's testimony about where he found these documents).

In addition to Mr. Schafer's specific admissions and evidence concerning the Contract Materials sent to him and his *Forte* co-plaintiffs, Mr. Schafer also offered a declaration from his attorney, Adam York, that confirmed Direct Energy sends Contract Materials in sets.[9] Based on his own "personal knowledge," Mr. York identified and attached "a statistically-independent sample of 100 **sets** of Contract Materials sent by [Direct Energy] to members of the putative Class." Ex. B-3 at ¶¶ 2, 19 (emphasis added); Ex. B-4. That sample includes dozens of "**sets** of Contract Materials" on the same form as Mr. Schafer's Contract Materials, all of which were sent as sets by Mr. York's own telling—including both Welcome Contract Materials and Renewal Contract Materials. *See* Ex. B-4 (emphasis added).[10]

---

[9] Mr. York and Mr. Aschenbrener are counsel of record in this case and were also counsel of record at all stages of the *Forte* case. *See* B-1 at p. 19. So, Mr. Schafer and his counsel already had unfettered access to any form of discovery allowed under the Federal Rules of Civil Procedure, and they exercised that access to obtain years of fact or expert discovery into all manner of issues relating to Direct Energy's contracts. *See* B-11 at 8 (noting that discovery opened in *Forte* in September 2017); *id.* at 10 (extending the end of fact discovery through into August 2018); *id.* at 17 (extending expert discovery into August 2019); *see also* Ex. B-3. After fact and expert discovery closed, in connection with Mr. Schafer's efforts to become an intervenor plaintiff in *Forte*, the court asked Mr. Schafer's counsel what additional discovery they would need with respect to Mr. Schafer's individual electricity and natural gas claims. *See* B-5 at 3:24–7:16, 46:15–19, 52:23–53:16; *see also id.* 13:6–15. They did not identify any specific discovery they had not already received. *Id.* Their answer cannot credibly be different now.

[10] A Renewal Notice dated April 29, 2013 included in the 100 sets attached to Mr. York's declaration was sent without enclosures because it was designed to be sent alone. *See* B-4 at ECF p. 1769–70. It has no relevance to this case at all because it was on a different form than Mr. Schafer's Renewal Notice and was sent outside the class period. *See* ECF No. 16 at 4 (judicially admitting Mr. Schafer's Renewal Contract Materials were sent in December 2016); *see also* ECF No. 4 ¶¶ 58, 78 (defining a class period for Mr. Schafer's class claims under Section 349-3(7) that begins "three years prior to [December 16, 2019]"). The other 49 Renewal Contract Materials attached to Mr. York's declaration were sent on the same form as Mr. Schafer's, and they were all "sent" as a "set" that includes both a Renewal Notice and Terms. *See* Ex. B-3 at ¶ 19; Ex. B-4.

Thus, Mr. Schafer's admissions and other evidence in *Forte* constitute overwhelming evidence that Direct Energy's electricity and natural gas Contract Materials are always sent as sets, and they are never broken up into constituent parts and sent in separate envelopes. Accordingly, there is no genuine fact question as to how Direct Energy's Contract Materials are sent. They are sent just as they appear in Direct Energy's exhibits: as sets of (1) Welcome Contract Materials that consist of a Welcome Letter that encloses Terms and a Disclosure statement, or (2) Renewal Contract Materials that consist of a Renewal Notice that encloses Terms. *See* Exs. A-1, A-2.

        *c.* *Direct Energy's evidence independently proves that it sent Mr. Schafer's Contract Materials attached to its motion in two sets.*

Mr. Schafer's own admissions conclusively prove that Direct Energy sent the Contract Materials attached to its motion in two sets. But even without those admissions, Direct Energy's declaration would independently eliminate any fact issue on that point.

And indeed, the Court has already recognized as much. In support of its motion to dismiss, Direct Energy attached a declaration authenticating the Contract Materials as "true and correct copies of" the following **two**[11] "documents that Direct Energy sent to Mr. Schafer":

Exhibit 1: Welcome Letter sent to Mr. Schafer dated November 30, 2015.
Exhibit 2: Renewal Notice sent to Mr. Schafer dated October 17, 2016.

*See* ECF No. 14-12; *see also* ECF Nos. 14-13, 14-14; Exs. A, A-1, A-2. In its dismissal order, the Court cited the declaration to support the (still undisputed) fact that Mr. Schafer's Contract Materials were sent in "two sets," not five. ECF No. 18 at 8; *id.* at n.8. After all, if the exhibits to

_____

[11] Mr. Wood's original declaration did not specifically state that the two exhibits attached to his declaration were true and correct copies of 'two' documents from Direct Energy's records. *See* ECF No. 14-12 at ¶ 12. However, that fact went without saying because it is implicit in Mr. Wood's statement that the attached exhibits are "true and correct copies" of documents, *id.*, which necessarily meant they are not a collection of separate documents that were altered by combining them into two exhibits. Mr. Wood's revised declaration now states that implicit fact explicitly. *See* Ex. A at ¶ 6.

Direct Energy's motions were a collection of more than two documents, they would not have been authenticated as "true and correct cop[ies]" without noting the alteration. *Cf.* ECF No. 14-2 at ¶¶ 6, 9 (authenticating "relevant excerpts" of transcripts to make clear that the original transcripts had been altered to omit irrelevant material). Thus, the Court has already recognized once that the declaration authenticating Direct Energy's exhibits is undisputed evidence that those two exhibits are the "two sets of contract materials" sent to Mr. Schafer. ECF No. 18 at 8.

Further, the fact that the documents were sets is still plain from the face of the Contract Materials themselves. In the enrollment Contract Materials, the welcome letter specifically states that it was sent in a "package" with the Enrollment Terms:

**Terms and conditions**
The terms and conditions of service are included in this package. Please review all the information contained in this package and retain it for your records.

Ex. A-1 at 2. Similarly, both the Enrollment Terms and the Disclosure Statement show that they were sent together, with the Terms referring to the Disclosure Statement as "Schedule A accompanying these terms," Ex. A-1 at 3 § 1, and the Disclosure Statement referring to itself as "Schedule A to Terms and Conditions":

DIRECT ENERGY CUSTOMER DISCLOSURE STATEMENT FOR ELECTRICITY OR NATURAL GAS
Schedule A to Terms and Conditions

Ex. A-1 at 7. In fact, the cross-references between the Enrollment Terms and Disclosure Statement are so pervasive that neither document could stand alone as an integrated contract: the Terms refer to the Disclosure Statement for key elements like the length of Mr. Schafer's fixed-rate term, the initial fixed-rate price, and the early termination fee amount. *See* Ex. A-1 at 3 §§ 5, 8, 10. In other words, it is impossible to view the Enrollment Terms as a standalone contract. There are simply too many places where key terms are supplied by reference to the Disclosure Statement.

In the same way, the renewal Contract Materials contain express cross-references between the Renewal Notice and the Renewal Terms. The Renewal Notice begins with a "summary of [Mr. Schafer's] renewal agreement," which is immediately followed by the statement: "Attached you will find a copy of the new agreements Terms and Conditions." Ex. A-2 at 1. Those attached Terms similarly refer to the Renewal Notice as a "written notice" that would "appris[e] [Mr. Schafer] of any proposed changes" in the terms of service. *Id.* at 2 § 5. These cross-references within the Renewal Contract Materials make clear they were sent as a set too.

For all of these reasons, there is no need for the Court to revisit its law-of-the-case conclusion that the Contract Materials were sent in two sets. *See Fresh Air for Eastside, Inc. v. Waste Mgmt. of New York, L.L.C.*, No. 18-CV-6588-FPG, 2020 WL 6291483, at *2 (W.D.N.Y. Oct. 27, 2020) ("[The] law of the case doctrine . . . provides that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." (cleaned up)) (Geraci, C.J.). On a converted motion under Rule 12(d), there is no impediment to this Court's consideration of Mr. Wood's declaration authenticating the documents, and neither Mr. Schafer nor the Second Circuit have offered any reason for this Court to draw a different conclusion from that declaration than it did in its prior order: Mr. "Schafer received two sets of contract materials during his relationship with Direct Energy," and the exhibits to Direct Energy's motion are true and correct copies of those two sets. ECF No. 18 at 8. Thus, even if Mr. Schafer's admissions and evidence did not establish those facts (they do), Direct Energy's evidence authenticating the Contract Materials independently eliminates any genuine dispute.

### 2.      *It is law of the case that Mr. Schafer's Contract Materials comply with Section 349-d(7) as a matter of law.*

The absence of any fact issue about the Contract Materials that were sent to Mr. Schafer puts an end to any further inquiry. The Court has already concluded "**as a matter of law**," that the

disclosures in those Contract Materials "pass muster under § 349-d(7)." ECF No. 18 at 8. Thus, any dispute Mr. Schafer might raise on that point is not a factual dispute, but a dispute about a legal conclusion the Court has already made.

That conclusion is also law of the case, and there is no "cogent or compelling reason[]" to revisit that conclusion. *Fresh Air*, 2020 WL 6291483, at *2 ("[C]ourts typically depart from the law of the case doctrine only for 'cogent or compelling reasons including an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting *Johnson v. Holder*, 564 F.3d 95, 99–100 (2d Cir. 2009))). So, Direct Energy should not be "required," nor Mr. Schafer "permitted," to relitigate that issue. *Id.* ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). For all the reasons set out in the Court's previous analysis of the Contract Materials and their compliance with Section 349-d(7), *see* ECF No. 18 at 3–12, Direct Energy is entitled to judgment as a matter of law on Mr. Schafer's claim.

**B.      Mr. Schafer's conclusory allegations fail to state a plausible claim for relief.**

Although the Court can and should convert Direct Energy's motion under Rule 12(d), Mr. Schafer's claims would fail under Rule 12(b)(6) if the Court declines to do so. To survive dismissal, Mr. Schafer had to plausibly allege that (1) of the Contract Materials violated Section 349-d(7) and (2) that he was "injured by reason of" that violation. *See* N.Y. Gen. Bus. Law § 349-d(10). Mr. Schafer's complaint fails on both requirements. He has not plausibly alleged a statutory violation because without the Contract Materials Direct Energy attached as exhibits, Mr. Schafer's complaint lacks factual allegations about the Contract Materials at all—he did not attach or describe them. And with respect to causation, Mr. Schafer's lack of knowledge about the Contract Materials means he cannot plausibly suggest that those documents injured him.

**1.      *Mr. Schafer's legal conclusions do not plausibly suggest a statutory violation.***

To plead a violation of Section 349-d(7), Mr. Schafer must allege nonconclusory facts that plausibly suggest his Contract Materials do not contain clear and conspicuous variable-rate disclosures. *See* N.Y. Gen. Bus. Law § 349-d(7), (10); *Iqbal*, 556 U.S. at 678. Whether Mr. Schafer has satisfied that standard "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). And because Mr. Schafer's claim is based upon the presentation of specific disclosures in specific documents, "the precise formulation and context" of those disclaimers is "pivotal" to the plausibility inquiry. *Id.*

Here, Mr. Schafer's complaint falls short. With respect to the Contract Materials he allegedly received, Mr. Schafer offers nothing but a legal conclusion: he says the Materials "did not clearly and conspicuously disclose that he would be charged a variable rate." ECF No. 4 at ¶ 45. Nowhere in the complaint does Mr. Schafer try to paint even a vague "factual picture" of what those Contract Materials looked like, much less a "full factual picture" that would give the Court a sense of the "precise formulation and context" of Direct Energy's disclosures. *Fink*, 714 F.3d at 741. Thus, Mr. Schafer's complaint "lack[s] the facial plausibility necessary to survive a motion to dismiss." *Id.* at 742.

Nor can Mr. Schafer point to the screenshot in his complaint to fill in the gaps of his deficient allegations. Even if the Court were to add an unpleaded allegation and infer that the screenshot looks like a document that was sent to Mr. Schafer, the screenshot makes clear on its face that it is not a full contract, but a "misleading[ ] excerpt" of one. *Id.* As the first sentence of the screenshot explains, Direct Energy's standard Terms and Conditions are not a contract unto themselves, but rather one part of an "Agreement" that also includes a "Customer Disclosure

Statement." ECF No. 4 at ¶ 38. Thus, Mr. Schafer cannot ask the Court to infer that the screenshot includes the only relevant disclosures because there is an "alternative explanation[] so obvious that [it] render[s] plaintiff's inferences unreasonable," *Fink*, 714 F.3d at 741: namely, that the required statutory disclosures are included in the portion of the contract called the "Customer Disclosure Statement." ECF No. 4 at ¶ 38. Mr. Schafer cannot treat that language like it does not exist "and expect his action to survive a motion to dismiss or, indeed, to escape admonishment." *Fink*, 714 F.3d at 742.

Mr. Schafer may respond that he needs discovery to know what his Contract Materials look like. [12] In the context of a 12(b)(6) motion, that response "puts the cart before the horse." *Id*. Mr. Schafer is the one who chose to file this lawsuit, and he "purported to do so based upon the specific [disclosures] of a specific [contract]." *Id*. For that reason, Mr. Schafer "should not need discovery to tell [him] exactly what that [his Contract Materials] said." *Id*. He should be able to educate the Court about those Contract Materials by pleading non-conclusory facts about the form, substance, and contents of the variable-rate disclosures at issue. Mr. Schafer's failure to do so is not a basis for permitting discovery. It is a fatal deficiency that requires dismissal for failure to state a claim.

### 2.    *Mr. Schafer fails to allege causation.*

Mr. Schafer's Section 349-d(7) statutory claim has the same causation requirement as all other claims under Section 349. *See* N.Y. Gen. Bus. Law § 349-d(10) (providing a right of action only to those "injured by reason of" a statutory violation). Thus, "to properly allege causation" under Section 349-d, Mr. Schafer must allege that he at least **saw** the Contract Materials Direct

---

[12] As discussed above, that argument would also fail because Mr. Schafer's attorneys had access to years of formal discovery about Direct Energy's Contract Materials before this lawsuit was filed, *see supra* note 9, not to mention their access to informal discovery from Mr. Schafer and his co-plaintiffs in this case and *Forte*. Thus, Mr. Schafer cannot point to a lack of discovery as an excuse for his failure to plausibly allege what his Contract Materials looked like. He filed suit with an extraordinary level of access to information about Direct Energy's contracts.

Energy sent to him. *See Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 480 (S.D.N.Y. 2014); *Burger v. Spark Energy Gas, LLC*, No. 19 C 8231, 2020 WL 7353407, at *3 (N.D. Ill. Dec. 15, 2020) (consumer who did not allege having seen an allegedly deficient contract failed to allege causation). Mr. Schafer has not done so. As a result, Mr. Schafer has failed to "properly allege causation" as he "could not have been injured by" documents he never saw. *Id.* This failure independently mandates dismissal.

## IV. CONCLUSION

For these reasons, and those set forth in Direct Energy's original motion, the Court should grant Direct Energy's motion and dismiss the amended complaint with prejudice.

Dated: June 11, 2021

Respectfully submitted,

/s/ Michael D. Matthews, Jr.
Michael D. Matthews, Jr., Esq.*
Diane S. Wizig, Esq.*
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
matt.matthews@mhllp.com
diane.wizig@mhllp.com

-and-

Steven M. Lucks, Esq.
FISHKIN LUCKS LLP
277 Broadway, Suite 408
New York, NY 10007
(646) 755-9200 (Telephone)
(973) 679-4429 (Facsimile)
slucks@fishkinlucks.com

* admitted pro hac vice
** pro hac vice application forthcoming

ATTORNEYS FOR DEFENDANT DIRECT ENERGY
SERVICES, LLC

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served on all parties through their counsel of record via the Court's CM/ECF system, on June 11, 2021.


*/s/ Michael D. Matthews, Jr.*
Michael D. Matthews, Jr.