UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD SCHAFER,[1]

                              Plaintiff,

                                                                                          Case # 19-CV-6907-FPG

v.

                                                                                       DECISION & ORDER

DIRECT ENERGY SERVICES, LLC,

                              Defendant.

## INTRODUCTION

On August 21, 2020, this Court granted the motion to dismiss for improper venue and for failure to state a claim filed by Defendant Direct Energy Services, LLC ("Direct Energy"). *See Schafer v. Direct Energy Servs., LLC*, 481 F. Supp. 3d 141 (W.D.N.Y. 2020) [hereinafter *Schafer I*]. Plaintiff Richard Schafer's claims were dismissed with prejudice for failure to state a cognizable claim. *Id.* at 152. Schafer filed a notice of appeal. ECF No. 20. In April 2021, the Second Circuit vacated the judgment as to one statutory claim and remanded for further proceedings. *See Schafer v. Direct Energy Servs., LLC*, 845 F. App'x 81, 81 n.1, 83 (2d Cir. 2021) (summary order) [hereinafter *Schafer II*]. Now before the Court is Direct Energy's supplemental motion to dismiss. ECF No. 31. Direct Energy asks the Court to dismiss the amended complaint for failure to state a claim or, in the alternative, to convert its motion to one for summary judgment and grant said motion. ECF No. 31-1 at 6-7. Schafer opposes the motion, ECF No. 33, and Direct

---

[1] On August 21, 2020, the Court dismissed Plaintiff William Underwood's claims without prejudice. ECF No. 18. Judgment was thereafter entered, ECF No. 19, and his dismissal from the case was not appealed. ECF No. 20. Accordingly, Underwood's claims remain dismissed, and the Clerk of Court is directed to terminate Underwood as a plaintiff.

1

Energy has filed its reply.  ECF No. 34.  For the reasons that follow, Direct Energy's supplemental motion is DENIED.

## BACKGROUND

The following facts are from the amended complaint, unless otherwise noted.  New York deregulated its natural-gas and electricity markets in 1996.  This move allowed consumers to choose "from a variety of companies selling residential energy," in addition to traditional utilities.  ECF No. 4 ¶ 1.  These companies are known as "energy services companies."  Direct Energy is one such company that began to offer residential energy after deregulation.

The gravamen of Schafer's amended complaint is that Direct Energy misleadingly markets the price of its natural-gas plans.  Direct Energy advertises its plans as "fixed rate gas supply plans" with enticingly low "teaser" prices.  *Id.* ¶ 32.  The fixed-rate plans run for set terms, however, and after the term ends, the plans "automatically switch to month-to-month variable rate plan[s]" that "can rise at the whims of [Direct Energy] and have no upper limit."  *Id.* ¶ 33.  Schafer claims that the variable rates are often two or three times as expensive as the teaser rates.

The problem, in Schafer's view, is that Direct Energy does not "clearly and conspicuously disclose" to consumers that this switch from fixed- to variable-rate will occur at the end of the set term.  *Id.* ¶ 34.  Schafer argues that Direct Energy's contracts do not highlight this point but instead bury that condition in a "sea of confusing fine print."  *Id.* ¶¶ 38, 41.  Moreover, after customers are switched to the variable-rate plan, Direct Energy only raises their rates slowly, so that customers do not initially "realize that they are paying much more than they previously had" under the fixed-rate plan.  ECF No. 4 ¶ 36.  Over time, consumers pay more for energy without any redounding benefit.  Schafer thus asserts that Direct Energy makes its money by "developing and using

deceptive" marketing and sales practices that "often result in its energy customers paying far more than they would have paid had they stayed with their traditional energy suppliers." *Id.* ¶ 2.

In Schafer's case, he alleges that, in connection with his enrollment, Direct Energy sent him "enrollment notices, renewal notices, and Terms and Conditions for his [] natural gas supply service." *Id.* ¶ 44. Schafer claims that the materials he received did not "clearly and conspicuously disclose that he would be charged a variable rate." *Id.* ¶ 45. The amended complaint includes an image illustrating Schafer's allegation that, with respect to the terms and conditions he received, the "reference to variable charges is buried [in] . . . [a] sea of confusing fine print":

*Id.* ¶ 38 (highlighting in original). Although this image is a screenshot of the terms and conditions as of November 2019, *see id.* ¶ 37 n.7, the Court reads the amended complaint to allege that the

November 2019 terms are materially similar to the terms that Schafer received when he enrolled. *See* ECF No. 4 ¶ 41 (alleging that Direct Energy has continued to include "unclear, inconspicuous variable rate language" from the time of Schafer's enrollment through November 2019).

Schafer brought this putative class action in December 2019. He raised claims of (1) a violation of New York General Business Law § 349-d(7); and (2) unjust enrichment. *See id.* at 14-17. In its August 21, 2020 Decision & Order, the Court dismissed both claims with prejudice. *See Schafer I*, 481 F. Supp. 3d at 152. On appeal, Schafer only challenged the dismissal of the statutory claim. *Schafer II*, 845 F. App'x at 81 n.1. The Second Circuit vacated the judgment as to that claim, concluding that the Court had erroneously relied on extrinsic materials in assessing Schafer's claim. *See id.* at 81-82. Specifically, the Court had relied on contract materials which Direct Energy had proffered with its motion and which it claimed were the materials it had sent to Schafer. *See* ECF No. 14-12 at 3; ECF No. 18 at 8 & n.2. The Second Circuit directed the Court to either confine its analysis to the pleadings or, pursuant to Rule 12(d), convert Direct Energy's motion to one for summary judgment under Rule 56. *See Schafer II*, 845 F. App'x at 82 n.9, 83; *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

## DISCUSSION

In its supplemental motion, Direct Energy argues that dismissal of the statutory claim is appropriate even if the Court confines its analysis to the pleadings. ECF No. 31-1 at 6-7. In the alternative, Direct Energy asks the Court to convert the motion to one for summary judgment and enter judgment in its favor. *Id.* In opposition, Schafer responds that he has plausibly alleged a

violation of Section 349-d(7), and that conversion is inappropriate because he has not had an opportunity to take discovery. *See* ECF No. 33 at 5. The Court takes up each issue in turn.

I.   **Rule 12(b)(6)**

Confining itself to the facts alleged in the amended complaint, and viewing those facts in the light most favorable to Schafer, the Court concludes that Schafer has plausibly alleged a violation of Section 349-d(7).

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

N.Y. General Business Law § 349-d provides various protections to customers of energy services companies. Subsection (7) provides, "In every contract for energy services and in all marketing materials provided to prospective purchasers of such contracts, *all variable charges shall be clearly and conspicuously identified*." N.Y. Gen. Bus. Law § 349-d(7) (emphasis added). In its prior Decision & Order, the Court interpreted this provision to require the following: (a) energy services companies must "clearly and conspicuously' disclose that the charges in question are variable; and (b) the disclosure must be sufficiently "unambiguous and understandable to a layperson (*i.e.*, clear)," and "prominently displayed (*i.e.*, conspicuous)." *Schafer I*, 481 F. Supp.

3d at 146.  In *Mirkin v. Viridian Energy, Inc.*, No. 15-CV-1057, 2016 WL 3661106 (D. Conn. July 5, 2016), the District of Connecticut applied a multi-factor test developed by the Federal Trade Commission to determine whether a disclosure under § 349-d(7) was "clear and conspicuous." *Mirkin*, 2016 WL 3661106, at *5.  The FTC's standard is used in the context of unfair and deceptive advertising: an advertisement that may otherwise be deceptive is not if there are clear and conspicuous disclosures of the material information about the transaction:

> The FTC takes several factors into account in assessing whether a given disclosure meets the standard, namely the placement of the disclosure in an advertisement and its proximity to the claim it is qualifying; the prominence of the disclosures; whether items in other parts of the advertisement distract attention from the disclosure, whether the advertisement is so lengthy that the disclosure needs to be repeated; [] and whether the language of the disclosure is understandable to the intended audience.

*Id.* (internal ellipsis omitted); *see also Corcia v. Asset Acceptance, LLC*, No. 13-CV-6404, 2014 WL 3656049, at *7 (E.D.N.Y. July 22, 2014) (in determining whether disclosure was clear and conspicuous, examining: "(1) the location of the notice within the document; (2) the type size used within the notice as well as the type size in comparison to the rest of the document; and (3) whether the notice is set off in any other way-spacing, font style, all capitals, etc.").

Viewing the allegations in the light most favorable to Schafer, the Court concludes that Schafer has plausibly alleged that the contract materials he received did not "clearly and conspicuously" identify all variable charges.  N.Y. Gen. Bus. Law § 349-d(7).  As the image located at Paragraph 38 of the amended complaint shows, the variable-rate language "ha[d] all the marks of an inconspicuous disclosure: it is buried among other boilerplate terms, is not set out or highlighted, and is the same font as the surrounding material." *Schafer I*, 481 F. Supp. 3d at 148. It is reasonable to infer from the amended complaint that all of the contract materials that Schafer received suffered from this same defect: all references to variable charges were "buried without

6

highlighting or other emphasis amid [a] . . . sea of confusing fine print." ECF No. 4 ¶¶ 38, 45. That is sufficient to plausibly allege that Direct Energy violated Section 349-d(7). *Cf. Direct Capital Corp. v. New ABI Inc.*, 822 N.Y.S.2d 684, 693-94 (N.Y. Sup. Ct. 2006) (warranty disclaimer not conspicuous where it was "obscured in the single-spaced, fine print, multiple provisions of boilerplate of the agreement").

Direct Energy's counterarguments are not persuasive. Direct Energy criticizes Schafer for having failed to include more robust allegations "about the form, substance, and contents of the variable-rate disclosures at issue." ECF No. 31-1 at 25. It cites *Fink v. Time Warner Cable*, 714 F.3d 739 (2d Cir. 2013), for the proposition that a plaintiff bringing a lawsuit centered on the language of a disclosure "should not need discovery" to tell him "exactly what that [disclosure] said." *Fink*, 714 F.3d at 742; *see also* ECF No. 31-1 at 25. This case is unlike *Fink*, where the plaintiff purported to directly "quote the offending advertisement verbatim" in the complaint, *Fink*, 714 F.3d at 741, and thus the plaintiff could not have needed discovery to determine what the advertisement said. *Id.* at 742 ("Plaintiffs brought this lawsuit, and purported to do so based upon the *specific* text of a *specific* advertisement."). Schafer's allegations are asserted "on information and belief," ECF No. 4 ¶¶ 44, 45, and he forthrightly admitted that he could not quote the contract materials in all their particulars because, "[a]t the time be brought his claims," he "no longer possessed copies" of them. ECF No. 16 at 8 n.2. "Pleading on the basis of information and belief" is "appropriate under [these] circumstances," *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008), since Schafer did not have access to the contract materials, and he has supported that allegation with the additional fact that the same "unclear, inconspicuous variable rate language" continues to appear in Direct Energy's more recent contracts. ECF No. 4 ¶ 41; *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) ("The *Twombly* plausibility standard . . . does not

7

prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." (internal quotation marks and citation omitted)).

Direct Energy next argues that Schafer failed to sufficiently allege causation, insofar as he failed to allege that he "saw" the contract materials he received from Direct Energy. ECF No. 31-1 at 25-26 ("Schafer has failed to properly allege causation as he could not have been injured by documents he never saw." (internal quotation marks omitted)). Contrary to Direct Energy's argument, it can be reasonably inferred from the amended complaint that Schafer saw or reviewed the contract materials. Schafer alleges that he was sent the contract materials; that those materials failed to clearly and conspicuously disclose that he would be "charged a variable rate"; and that he chose to retain Direct Energy as his supplier, rather than procure an alternative supplier, "[a]s a result of" Direct Energy's failure to clearly and conspicuously identify same. ECF No. 4 ¶¶ 44-47. These allegations reasonably suggest that Schafer saw or reviewed the contract materials—hence the causal link Schafer draws between Direct Energy's deficient disclosure and his decision to forego an alternative supplier.[2] *See, e.g., Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 306 (N.D.N.Y. 2019); *O'Neill v. Standard Homeopathic Co.*, 346 F. Supp. 3d 511, 530-31 (S.D.N.Y. 2018); *Dash v. Seagate Tech. (U.S.) Holdings, Inc.*, 27 F. Supp. 3d 357, 361 (E.D.N.Y. 2014).

---

[2] Schafer contends that he does not need to even allege that he viewed the contract materials. *See* ECF No. 33 at 17-18. Given the Court's reading of the amended complaint, it need not address this argument.

### II.   Rule 12(d) & Rule 56

As for Direct Energy's alternative request, the Court declines to grant summary judgment in its favor at this time.[3] Schafer responds that he should be given an opportunity to obtain discovery.

Under Rule 56(d), a court may deny a motion for summary judgment and "allow time . . . to take discovery" if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(1)-(2). "Any such affidavit or declaration must describe: (1) what facts are sought and how they are to be obtained, (2) how such facts are reasonably expected to raise a genuine issue of material fact, (3) what efforts the affiant has made to obtain them, and (4) why the affiant's efforts were unsuccessful." *Parker v. Fantasia*, 425 F. Supp. 3d 171, 184 (S.D.N.Y. 2019) (internal quotation marks omitted).

Schafer's counsel has filed a sufficient affidavit. *See* ECF No. 33-1. He avers that (a) Schafer requires discovery to determine what materials were sent to him and the manner in which they were sent; (b) those facts would bear on whether Direct Energy's disclosures were clear and conspicuous under Section 349-d(7); and (c) Schafer has been unable to conduct discovery at this early stage of the proceedings. *See id.* at 3-5. The Court agrees with Schafer's position. The adequacy of Direct Energy's disclosures depends on the content of the materials it sent to Schafer, as well as how the documents were organized. *See Schafer I*, 481 F. Supp. 3d at 151 (discussing whether the disclosure language was "buried in fine print," as well as whether the pages on which

---

[3] There is some confusion as to the procedural posture of Direct Energy's request for summary judgment. Direct Energy asks the Court to convert its motion to dismiss to one for summary judgment; once that is granted, Direct Energy intends to submit all of the summary judgment materials required under Rule 56 and the Local Rules. *See* ECF No. 34 at 14. As Schafer points out, however, the Court had already granted Direct Energy leave to file a summary judgment motion "consistent with Rules 12(d) and 56," and the Court directed it to submit "all materials required under the Local Rules." ECF No. 28 at 2. In any case, regardless of the procedural posture, summary judgment is inappropriate at this time.

the disclosures were made were themselves "buried amongst other documents" (internal quotation marks omitted)). Because Schafer did not possess the documents at the time he filed suit, discovery is appropriate so as to give him an opportunity to "substantiate his claim[]" that the materials he received did not clearly and conspicuously disclose all variable charges. *Brooks v. Prack*, 77 F. Supp. 3d 301, 310-11 (W.D.N.Y. 2014) (collecting cases); *see also Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.").

Accordingly, the Court declines to grant Direct Energy's request for summary judgment. Direct Energy is free to renew its request, as well as any arguments it raises in connection with the present motion, after discovery. Given the Court's prior legal determinations and the narrow factual issues in dispute, *see* ECF No. 33-1 at 3-4, the fairer and more efficient course is to focus on Schafer's individual claim before delving into broader discovery. Therefore, this case shall proceed to discovery concerning Schafer's *individual* Section 349-d(7) claim; no discovery may be conducted concerning Schafer's class allegations.

## CONCLUSION

For the reasons stated herein, Direct Energy's supplemental motion to dismiss (ECF No. 31) is DENIED. Direct Energy is directed to file an answer by January 10, 2022. The Clerk of Court is directed to terminate William Underwood as a plaintiff.

IT IS SO ORDERED.

Dated: December 8, 2021
       Rochester, New York

                                          HON. FRANK P. GERACI, JR.
                                          United States District Judge
                                          Western District of New York