UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD SCHAFER, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>DIRECT ENERGY SERVICES, LLC,<br><br>   Defendant. | Civil Action No.: 6:19-cv-6907 (FPG) |

**DEFENDANT DIRECT ENERGY SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Direct Energy Services, LLC hereby files this Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint as follows:

## INTRODUCTION

1. Direct Energy admits only that the New York Public Service Commission deregulated the market for retail energy supply in the 1990s, thereby giving consumers the ability to buy electricity from any licensed energy services company or "ESCO" like Direct Energy. Direct Energy otherwise denies the allegations in paragraph 1.

2. Direct Energy denies the allegations in paragraph 2.

3. Direct Energy denies the allegations in paragraph 3.

4. Direct Energy denies the allegations in paragraph 4.

5. Direct Energy denies the allegations in paragraph 5.

6. Paragraph 6 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 6, and specifically denies that Plaintiff or any putative class is entitled to the listed relief.

7. Paragraph 7 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 7, and specifically denies that Plaintiff or any putative class is entitled to the listed relief

## PARTIES

8. Direct Energy admits the allegations in paragraph 8.

9. Mr. Underwood's claims were dismissed by Order dated August 21, 2020, and the Clerk of Court was directed to terminate Underwood as a plaintiff by Order dated December 8, 2021. *See* ECF Nos. 18, 35. Thus, no response to the Underwood allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 9.

10. Direct Energy admits the allegations in paragraph 10.

11. Direct Energy admits only that it is an ESCO with authority from the New York Department of Public Service to sell retail electricity and natural gas to residential end-users in New York under the contract forms at issue in this lawsuit—and that Direct Energy is similarly authorized to sell retail electricity and natural gas in other states. Direct Energy otherwise denies the allegations in paragraph 11.

12. Direct Energy denies the allegations in paragraph 12.

13. Direct Energy denies the allegations in paragraph 13.

14. Paragraph 14 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 14.

15. Paragraph 15 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 15.

## JURISDICTION AND VENUE

A. **Subject Matter Jurisdiction**

16. Paragraph 16 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy does not dispute that this putative class action meets the requirements of the Class Action Fairness Act at this time.

17. Paragraph 17 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy does not dispute that this putative class action meets the requirements of the Class Action Fairness Act at this time.

B. **Personal Jurisdiction**

18. Paragraph 18 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy does not dispute personal jurisdiction at this time.

C. **Venue**

19. Paragraph 19 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy does not dispute that venue in this District is proper as to Plaintiff's individual claim at this time.

20. Paragraph 20 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy does not dispute that venue in this District is proper as to Plaintiff's individual claim at this time.

## FACTUAL ALLEGATIONS

A. **New York's Energy Markets**

21. Direct Energy admits the allegations in paragraph 21.

22. Direct Energy denies the allegations in paragraph 22.

23. Direct Energy denies the allegations in paragraph 23.

24. Direct Energy denies the allegations in paragraph 24.

25. Direct Energy denies the allegations in paragraph 25.

26. Direct Energy denies the allegations in paragraph 26.

27. Direct Energy admits only that paragraph 27's description of the process by which energy is supplied and delivered in a deregulated market is generally accurate. Direct Energy otherwise denies the allegations in paragraph 27.

28. Direct Energy denies the allegations in paragraph 28.

29. Direct Energy admits only that paragraph 29's description of how energy supply charges are calculated in a deregulated market is generally accurate. Direct Energy otherwise denies the allegations in paragraph 29.

30. Direct Energy admits only that in 2010 New York codified the "Energy services company consumers bill of rights" at N.Y. Gen. Bus. Law section 349-d and that sections 349-d(3) and 349-d(7) speak for themselves. The remaining allegations in paragraph 30 consist of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the remaining allegations in paragraph 30.

31. Direct Energy denies the allegations in paragraph 31.

B. **DES's Misleading Conduct**

32. Direct Energy admits only that it sold energy to New York residents at rates that were commonly fixed for a year or more but could be terminated at any time. Direct Energy further admits that once the fixed-rate period expired, if the customer did not renew or terminate,

the customer was charged a variable monthly rate as provided for in the customer's contract. Direct Energy otherwise denies the allegations in paragraph 32.

33. Direct Energy admits only that it sold energy to New York residents at rates that were commonly fixed for a year or more but could be terminated at any time. Direct Energy further admits that once the fixed-rate period expired, if the customer did not renew or terminate, the customer was charged a variable monthly rate as provided for in the customer's contract. Direct Energy otherwise denies the allegations in paragraph 33.

34. Direct Energy denies the allegations in paragraph 34.

35. Direct Energy denies the allegations in paragraph 35.

36. Direct Energy denies the allegations in paragraph 36.

37. Direct Energy admits only that its Residential Terms & Conditions speak for themselves and that the Residential Terms & Conditions contain contractual obligations between a consumer and Direct Energy. Direct Energy otherwise denies the allegations in paragraph 37.

38. Direct Energy admits only that its Residential Terms & Conditions speak for themselves. Direct Energy otherwise denies the allegations in paragraph 38.

39. Direct Energy admits only that its Residential Terms & Conditions speak for themselves. Direct Energy otherwise denies the allegations in paragraph 39.

40. Direct Energy denies the allegations in paragraph 40.

41. Direct Energy denies the allegations in paragraph 41.

42. Direct Energy denies the allegations in paragraph 42.

C. **Plaintiff Schafer's Experience**

43. Direct Energy admits that an account in Plaintiff's name was enrolled in a residential natural gas plan with Energetix beginning in April 2002. Direct Energy further admits

that an account in Plaintiff's name was enrolled in a twelve-month fixed-rate plan for natural gas with Direct Energy beginning in November 2015. Direct Energy otherwise denies the allegations in paragraph 43.

44.     Direct Energy admits that it sent Plaintiff a Welcome Letter with enclosures dated November 30, 2015, and a Residential Renewal Notice with enclosures dated October 17, 2016, and that these documents speak for themselves. Direct Energy otherwise denies the allegations in paragraph 44.

45.     Direct Energy denies the allegations in paragraph 45.

46.     Direct Energy denies the allegations in paragraph 46.

47.     Direct Energy denies the allegations in paragraph 47.

**D. Plaintiff Underwood's Experience**

48.     Mr. Underwood's claims were dismissed by Order dated August 21, 2020, and the Clerk of Court was directed to terminate Underwood as a plaintiff by Order dated December 8, 2021. *See* ECF Nos. 18, 35. Thus, no response to the Underwood allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 48.

49.     Mr. Underwood's claims were dismissed by Order dated August 21, 2020, and the Clerk of Court was directed to terminate Underwood as a plaintiff by Order dated December 8, 2021. *See* ECF Nos. 18, 35. Thus, no response to the Underwood allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 49.

50.     Mr. Underwood's claims were dismissed by Order dated August 21, 2020, and the Clerk of Court was directed to terminate Underwood as a plaintiff by Order dated December 8, 2021. *See* ECF Nos. 18, 35. Thus, no response to the Underwood allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 50.

51. Mr. Underwood's claims were dismissed by Order dated August 21, 2020, and the Clerk of Court was directed to terminate Underwood as a plaintiff by Order dated December 8, 2021. *See* ECF Nos. 18, 35. Thus, no response to the Underwood allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 51.

52. Mr. Underwood's claims were dismissed by Order dated August 21, 2020, and the Clerk of Court was directed to terminate Underwood as a plaintiff by Order dated December 8, 2021. *See* ECF Nos. 18, 35. Thus, no response to the Underwood allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 52.

53. Mr. Underwood's claims were dismissed by Order dated August 21, 2020, and the Clerk of Court was directed to terminate Underwood as a plaintiff by Order dated December 8, 2021. *See* ECF Nos. 18, 35. Thus, no response to the Underwood allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 53.

54. Mr. Underwood's claims were dismissed by Order dated August 21, 2020, and the Clerk of Court was directed to terminate Underwood as a plaintiff by Order dated December 8, 2021. *See* ECF Nos. 18, 35. Thus, no response to the Underwood allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 54.

55. Mr. Underwood's claims were dismissed by Order dated August 21, 2020, and the Clerk of Court was directed to terminate Underwood as a plaintiff by Order dated December 8, 2021. *See* ECF Nos. 18, 35. Thus, no response to the Underwood allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 55.

## CLASS ACTION ALLEGATIONS

56. Paragraph 56 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 56.

57. Paragraph 57 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 57.

58. Paragraph 58 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 58.

59. Paragraph 59 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 59.

60. Paragraph 60 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 60.

61. Paragraph 61 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 61.

62. Paragraph 62 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 62.

63. Paragraph 63, including subparts 63(a)–63(g), consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 63.

64. Paragraph 64, including subparts 64(a)–64(d), consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 64.

65. Paragraph 65 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 65.

## COUNT I
## UNJUST ENRICHMENT
### (ON BEHALF OF EACH PLAINTIFF INDIVIDUALLY AND THE DISGORGEMENT CLASS)

66. Direct Energy repeats and re-alleges the preceding paragraphs as though set forth herein.

67. The unjust enrichment claim was dismissed by Order dated August 21, 2020, ECF No. 18. Thus, no response to the Unjust Enrichment allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 67.

68. The unjust enrichment claim was dismissed by Order dated August 21, 2020, ECF No. 18. Thus, no response to the Unjust Enrichment allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 68.

69. The unjust enrichment claim was dismissed by Order dated August 21, 2020, ECF No. 18. Thus, no response to the Unjust Enrichment allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 69.

70. The unjust enrichment claim was dismissed by Order dated August 21, 2020, ECF No. 18. Thus, no response to the Unjust Enrichment allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 70.

71. The unjust enrichment claim was dismissed by Order dated August 21, 2020, ECF No. 18. Thus, no response to the Unjust Enrichment allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 71.

72. The unjust enrichment claim was dismissed by Order dated August 21, 2020, ECF No. 18. Thus, no response to the Unjust Enrichment allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 72.

73. The unjust enrichment claim was dismissed by Order dated August 21, 2020, ECF No. 18. Thus, no response to the Unjust Enrichment allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 73.

74. The unjust enrichment claim was dismissed by Order dated August 21, 2020, ECF No. 18. Thus, no response to the Unjust Enrichment allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 74.

75. The unjust enrichment claim was dismissed by Order dated August 21, 2020, ECF No. 18. Thus, no response to the Unjust Enrichment allegations is required. To the extent a response is required, Direct Energy denies the allegations in paragraph 75.

**COUNT II**
**VIOLATION OF NEW YORK GENERAL BUSINESS LAW SECTION 349-d(7)**
**(ON BEHALF OF PLAINTIFF SCHAFER INDIVIDUALLY**
**AND THE DAMAGES CLASS)**

76. Direct Energy repeats and re-alleges the preceding paragraphs as though set forth herein.

77. Paragraph 77 consists of legal conclusions that require no response. To the extent a response is required, Direct Energy denies the allegations in paragraph 77.

78. Direct Energy admits only that N.Y. Gen. Bus. Law section 349-d(7) speaks for itself. Direct Energy otherwise denies the allegations in paragraph 78.

79. Direct Energy denies the allegations in paragraph 79.

80. Direct Energy denies the allegations in paragraph 80.

81. Direct Energy admits only that N.Y. Gen. Bus. Law section 349-d(10) speaks for itself. Direct Energy otherwise denies the allegations in paragraph 81.

82. Direct Energy denies the allegations in paragraph 82.

83. Direct Energy denies the allegations in paragraph 83.

84. Direct Energy denies the allegations in paragraph 84.

85. Direct Energy denies the allegations in paragraph 85.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claim is barred, in whole or in part, because Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claim is barred, in whole or in part, by the doctrines of primary or exclusive jurisdiction (held by the New York Department of Public Service).

3. Plaintiff's claim is barred, in whole or in part, because Direct Energy at all times complied with New York General Business Law section 349-d(7).

4. Plaintiff's claim is barred, in whole or in part, because the contract documents at issue were submitted to and approved by the New York Department of Public Service.

5. Plaintiff's claim is barred because Plaintiff lacks standing to assert claims against Direct Energy, in part (and without limitation) because he sustained no injury in fact.

6. Plaintiff's claim is barred, in whole or in part, because Direct Energy's conduct did not cause his injuries (if any).

7. Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

8. Plaintiff's claim is barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

9. Plaintiff's claim is barred, in whole or in part, because his alleged damages (if any) were caused by his failure to mitigate.

10. Plaintiff's claim is barred, in whole or in part, because his own acts or omissions caused or contributed to his alleged damages (if any).

11.     Plaintiff is not entitled to an award of attorneys' fees in the absence of a contract, statute, or law authorizing such fees.

12.     Plaintiff's claim is barred because at all times mentioned in Plaintiff's Complaint, Direct Energy's actions and conduct were undertaken in a permissible way and in good faith, with approval from the New York Department of Public Service, without malice, and with the reasonable belief that such actions and conduct were lawful and valid.

13.     Plaintiff's claim is barred, in whole or in part, by the doctrine of unjust enrichment.

14.     Plaintiff's claim is barred, in whole or in part, because any alleged damages he sustained must be offset by any value rendered by Direct Energy, and by the doctrine of offset generally.

15.     Plaintiff's claim is barred, in whole or part, by the doctrine prohibiting claim splitting.

16.     Plaintiff's claim is precluded, in whole or in part, by the doctrine of res judicata. Specifically, Plaintiff's claim is precluded by the final judgment entered against him on January 3, 2022, in *Forte, et al. v. Direct Energy Services, LLC*, No. 6:17-cv-00264-FJS/ATB (N.D.N.Y.) (the "Northern District Action"), which granted summary judgment and dismissed with prejudice a claim arising out of the same transaction as the claim Mr. Schafer asserts in this case—i.e., Mr. Schafer's purchase of electricity and natural gas from Direct Energy.

17.     Plaintiff's claim is precluded, in whole or in part, by the doctrine of collateral estoppel. Specifically, Plaintiff's claim is precluded by the final judgment entered in the Northern District Action because that judgment necessarily and actually determined a dispositive

issue in this case: namely, whether Direct Energy's contracts comply with N.Y. Gen. Bus. Law Section 349-d(7).

18. Direct Energy reserves the right to assert other affirmative defenses that may arise in the course of discovery or otherwise.

Dated: January 10, 2022.              Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By:     /s/ Michael D. Matthews, Jr.
     Michael D. Matthews, Jr., Esq.*
     Diane S. Wizig, Esq.*
     James M. Chambers, Esq.**
     1001 Fannin Street, Suite 2700
     Houston, Texas 77002
     Telephone: (713) 337-5580
     Fax: (713) 337-8850
     matt.matthews@mhllp.com
     diane.wizig@mhllp.com
     james.chambers@mhllp.com

*Admitted pro hac vice
**Pro hac vice application forthcoming

-and-

FISHKIN LUCKS LLP

Steven M. Lucks, Esq.
277 Broadway, Suite 408
New York, NY 10007
Telephone: (646) 755-9200
slucks@FishkinLucks.com

**ATTORNEYS FOR DEFENDANT
DIRECT ENERGY SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was automatically served by the Court's CM/ECF System on January 10, 2022, upon all counsel of record.

*/s/ Michael D. Matthews, Jr.*
Michael D. Matthews, Jr.
