UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD SCHAFER,<br><br>    Plaintiff,<br><br>v.<br><br>DIRECT ENERGY SERVICES, LLC,<br><br>    Defendant. | Civil Action No.: 6:19-cv-6907 (FPG) |

### DIRECT ENERGY'S STATEMENT OF MATERIAL FACTS

1. On November 25, 2015, Plaintiff Richard Schafer enrolled with Direct Energy for a 12-month fixed-rate natural gas plan. *See* Ex. A (Wood Decl.) at ¶ 6.

2. Mr. Schafer's initial 12-month fixed rate plan was governed by a contract contained in a document referred to herein as the "Welcome Contract Materials." *See* Ex. A-1.

3. The "Welcome Contract Materials" were automatically generated by Direct Energy's LetterWriter system as a single pdf on November 30, 2015. *See* Ex. A (Wood Decl.) at ¶¶ 10, 12; Ex. B (Rosenblum Decl.) at ¶¶ 5–8.

4. Upon being generated, the Welcome Contract Materials were automatically saved in Direct Energy's customer records for Mr. Schafer. *See* Ex. A (Wood Decl.) at ¶¶ 10, 12; Ex. B (Rosenblum Decl.) at ¶¶ 5–8.

5. Exhibit A-1 is a true and correct copy of the Welcome Contract Materials. *See* Ex. A (Wood Decl.) at ¶ 8; Ex. A-1; Ex. B (Rosenblum Decl.) at ¶¶ 5–8.

6. On or about November 30, 2015, the Welcome Contract Materials were mailed[1] to Mr. Schafer in a single envelope. *See* Ex. B (Rosenblum Decl.) at ¶¶ 5–12; Ex. D (Sprague Decl.) at ¶¶ 3–8; Ex. C (Smothers Decl.) at ¶¶ 3–8, 9, 11; Ex. C-1.

7. After Mr. Schafer's natural gas plan reached the end of its initial term, Mr. Schafer's natural gas service was governed by a contract contained in a document referred to herein as the "Renewal Contract Materials." *See* Ex. A (Wood Decl.) at ¶ 7; Ex. A-2.

8. The Renewal Contract Materials were generated as a single pdf document by Direct Energy's LetterWriter system on October 17, 2016. *See* Ex. A (Wood Decl.) at ¶¶ 11, 12; Ex. B (Rosenblum Decl.) at ¶¶ 5–8.

9. Upon being generated, the Welcome Contract Materials were automatically saved in Direct Energy's customer records for Mr. Schafer. *See* Ex. A (Wood Decl.) at ¶¶ 11, 12; Ex. B (Rosenblum Decl.) at ¶¶ 5–8.

10. Exhibit A-2 is a true and correct copy of the Renewal Contract Materials. *See* Ex. A (Wood Decl.) at ¶ 8; Ex. A-2; Ex. B (Rosenblum Decl.) at ¶¶ 5–8.

11. On or about October 17, 2016, the Renewal Contract Materials were mailed[2] to Mr. Schafer in a single envelope. *See* Ex. B (Rosenblum Decl.) at ¶¶ 5–12; Ex. D (Sprague Decl.) at ¶¶ 3–8; Ex. C (Smothers Decl.) at ¶¶ 3–8, 10, 12; Ex. C-2.

12. Because Mr. Schafer failed to cancel or renew on a new fixed rate, his account was automatically converted to a month-to-month variable rate on November 28, 2016. *See* Ex. A

---

[1] Direct Energy does not agree that it is a material fact that the Welcome Contract Materials were sent to Mr. Schafer. This fact is included only to respond to any attempt to avoid summary judgment by raising an immaterial fact issue.

[2] Direct Energy does not agree that it is a material fact that the Renewal Contract Materials were sent to Mr. Schafer. This fact is included only to respond to any attempt to avoid summary judgment by raising an immaterial fact issue.

(Wood Decl.) at ¶ 7; Ex. A-2.

13. Mr. Schafer incurred a variable-rate supply charge on November 28, 2016, and continued to incur variable rate charges for the remainder of his time as a Direct Energy customer. *See* Ex. A (Wood Decl.) at ¶ 7; Ex. A-2.

14. Mr. Schafer never saw the Welcome Contract Materials or the Renewal Contract Materials. *See* Ex. E-11 (Schafer Dep.) at 50:9–51:4 (Mr. Schafer's testimony that he never saw the Renewal Notice or any Terms with two columns); *id.* at 38:7–16, 41:4–7.

15. If Mr. Schafer had read the Welcome Contract Materials, he "could have understood that at the end of the fixed rate, [his] rate would go variable." Ex. E-11 (Schafer Dep.) at 47:8–11; *id.* 48:19–49:8 ("Q. Having read [the Disclosure Statement's term for renewal of the agreement] today, you quickly understood it, right? A. Correct."); *id.* 41:11–42:5.

16. If Mr. Schafer had read the Renewal Contract Materials, he "would have known that [his] rate would vary month to month." Ex. E-11 (Schafer Dep.) at 51:10–53:19.

Dated: May 20, 2022                               Respectfully submitted,

/s/ *Michael D. Matthews, Jr.*
Michael D. Matthews, Jr., Esq.*
Diane S. Wizig, Esq.*
James M. Chambers, Esq.*
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
matt.matthews@mhllp.com
diane.wizig@mhllp.com
james.chambers@mhllp.com

-and-

Steven M. Lucks, Esq.
FISHKIN LUCKS LLP
277 Broadway, Suite 408

3

New York, NY 10007
Telephone: (646) 755-9200
Facsimile: (973) 679-4429
slucks@fishkinlucks.com

*admitted pro hac vice*

**ATTORNEYS FOR DEFENDANT DIRECT ENERGY SERVICES, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all parties through their counsel of record via the Court's CM/ECF system, on May 20, 2022:

                                       */s/ Michael D. Matthews, Jr.*
                                       Michael D. Matthews, Jr.